**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00199-CV**

_____

**IN THE INTEREST OF O.C.**

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-234,724**

**MEMORANDUM OPINION**

Mother appeals the termination of her rights to her son, Oscar.[1,2] In five issues, Mother challenges the termination of her parental rights arguing the evidence is legally and factually insufficient to terminate under sections 161.001(b)(1), (2) of the Texas Family Code and contends she was denied due process by the trial court's failure to admonish her regarding her rights to have an attorney during the pendency

---

[1] To protect the identity of the minor, we use pseudonyms to refer to the child and his Mother. *See* Tex. R. App. P. 9.8(b)(2).

[2] Father signed an Affidavit of Voluntary Relinquishment of Parental Rights to the Texas Department of Family and Protective Services. He did not appeal.

1

of the termination suit as required under section 107.013 of the Texas Family Code. *See* Tex. Fam. Code Ann. §§ 161.001(b)(1), (2); 107.013. The Department has filed a brief wherein the Department agrees that there is reversible error in the failure to admonish Mother of her right to counsel and that the case should be remanded to the trial court for a new trial. For the reasons explained below, we reverse the trial court's judgment and remand for a new trial.

Section 107.013(a)(1) mandates the appointment of an attorney ad litem for an indigent parent who opposes the termination of the parent-child relationship in a suit filed by the Department of Family and Protective Services (the Department). *See id.* § 107.013(a)(1). To trigger the process for mandatory appointment of counsel in a termination proceeding, a parent must file an affidavit of indigence pursuant to Texas Rule of Civil Procedure 145. *See* Tex. R. Civ. P. 145(e); *In re B.C.*, 592 S.W.3d 133, 135-36 (Tex. 2019).[3]

Additionally, the trial court is required to admonish a parent at the first hearing at which the parent appears: (1) of their right to be represented by an attorney; and (2) if they are indigent and appearing in opposition to the suit, the right to have an attorney appointed to represent them in the proceedings. *See* Tex. Fam. Code Ann.

---

[3] Although the record shows that Mother failed to file an affidavit of indigency, that issue is not dispositive because, as this Court discusses below, the trial court failed to properly admonish Mother as required by section 263.0061(a). *See* Tex. Fam. Code Ann. § 263.0061(a). *See In re B.C.,* 592 S.W.3d 133, 136–37 (Tex. 2019) (per curiam).

§ 107.013(a-1)(1), (2). Further, the trial court must provide an admonishment at the status hearing and permanency hearing to a parent unrepresented by counsel of the right to representation and, if they are indigent and appear in opposition of the suit, of their right to a court-appointed attorney. *See id*. § 263.0061(a)(1).

Texas Rule of Appellate Procedure 44.1(a)(1) states that the judgment may not be reversed unless this Court concludes that the error "probably caused the rendition of an improper judgment[.]" Tex. R. App. P. 44.1(a)(1); *In re S.R.*, No. 10-19-00235-CV, 2019 WL 7374736, at *2 (Tex. App.—Waco Dec. 31, 2019, pet. denied) (mem. op). Here again, the Department agrees that the error in this case was not harmless and asks this Court to reverse the termination order and remand for a new trial.

The record demonstrates that on April 4, 2019, the Department filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship. Mother was served with the petition and appeared pro se at the first hearing in which the Department was granted temporary managing conservator of Oscar. The record does not show that the trial court admonished Mother of her rights under sections 107.013(a-1)(1), (2) to be represented by an attorney in a termination proceeding.[4]

---

[4] We note that Mother signed a temporary order following this hearing that contained the following admonishment,

Another permanency hearing was held on October 1, 2019 in which Mother again appeared pro se, and the Department was ordered to remain Oscar's temporary managing conservator.

On January 16, 2020, a permanency hearing was held, and Mother appeared pro se. At this hearing, the trial court declined to modify the previous orders, and the Department remained Oscar's temporary managing conservator.

Mother did not appear at a permanency hearing on May 14, 2020, in which the trial court again ordered that the Department remain Oscar's temporary managing conservator.

---

YOU HAVE THE RIGHT UNDER § 262.102(d), TEXAS FAMILY CODE, TO BE REPRESENTED BY AN ATTORNEY. IF YOU ARE INDIGENT AND UNABLE TO AFFORD AN ATTORNEY, YOU HAVE THE RIGHT TO REQUEST THE APPOINTMENT OF AN ATTORNEY BY CONTACTING THE COURT AT 1149 PEARL ST., BEAUMONT, TX 77701, 409-835-8400. IF YOU APPEAR IN OPPOSITION TO THE SUIT, CLAIM INDIGENCE, AND REQUEST THE APPOINTMENT OF AN ATTORNEY, THE COURT WILL REQUIRE YOU TO SIGN [AN] AFFIDAVIT OF INDIGENCE AND THE COURT MAY HEAR EVIDENCE TO DETERMINE IF YOU ARE INDIGENT. IF THE COURT DETERMINES YOU ARE INDIGENT AND ELIGIBLE FOR APPOINTMENT OF AN ATTORNEY, THE COURT WILL APPOINT AN ATTORNEY TO REPRESENT YOU.

As we will address in detail, this admonishment does not satisfy section 263.0061(a) of the Texas Family Code as "[a]t the status hearing and at each permanency hearing after the Department is appointed temporary managing conservator, trial courts must inform unrepresented parents about their right to legal representation, including the right to court-appointed counsel." *In re B.C.*, 592 S.W.3d 133, 137 (Tex. 2019); *see also* Tex. Fam. Code Ann. § 263.0061.

4

Finally, on August 13, 2020, Mother appeared without counsel at the bench trial via Zoom.[5] The record does not show that Mother was advised of her right to counsel before trial, but at the trial's conclusion, the trial court advised her to consult an attorney regarding an appeal. The trial court signed an Order of Termination, terminating Mother's parental rights to Oscar under subsections 161.001(b)(1)(D) (E), and (O) and finding that termination was in Oscar's best interest. *See id.* § 161.001(b)(1)(D), (E), (O), (2). After entry of the judgment terminating her rights, mother filed a pro se appeal and argued, among other issues, that she requested trial counsel and "[had] the paperwork completed" and that trial court did not consider appointing her an attorney.

Mother appeared without counsel at all stages of the proceeding. While Mother failed to file the affidavit of indigence, here the Department contended as part of its allegations that Mother was not continually employed and failed to maintain stable housing. It is not disputed that the trial court failed to admonish Mother of her right to counsel each permanency hearing in violation of section 263.0061(a)(1). *See id.* § 263.0061(a)(1). Mother was present and unrepresented at

---

[5] Per section 263.401 of the Texas Family Code, the trial court found that "extraordinary circumstances necessitate the subject child(ren) remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator continues to be in the best interest of the child[,]" and granted an extension of this case, retaining the trial court's jurisdiction over this case. *See* Tex. Fam. Code Ann. § 263.401(a), (b).

several hearings falling within section 263.0061(a)'s ambit without receiving the mandatory admonitions, including after the Department expressed its intent to seek termination of her parental rights. Due to the lack of any indication that Mother was admonished of her rights to counsel, we cannot say that the error was harmless, and we conclude reversal is required, and Mother is entitled to a new trial.[6] *See* Tex. R. App. P. 44.1(a)(1); *In re S.R.,* 2019 WL 7374736, at *2; *see also In re B.C.,* 592 S.W.3d at 137 (concluding trial court's noncompliance with section 263.0061 was not harmless error and reversal was proper where indigent parent unrepresented at parental-rights-termination trial had parental rights terminated). We sustain Mother's fifth issue.[7] We reverse and remand this proceeding for a new trial.[8]

---

[6] As the Texas Supreme Court explained in *In re B.C.*, the right to counsel is essential to helping protect a fundamental right.

Parents face a complex and nuanced family-law system that is challenging to navigate without the guidance of counsel. Considering the importance of the fundamental rights at issue, the Legislature has adopted important safeguards in sections 107.013 and 263.0061 to help ensure parents will not be deprived of their parental rights without due process of law. While the trial court cannot force parents to retain counsel or follow the procedures required for establishing indigency, the statutory framework mandates that courts repeatedly inform unrepresented parents about their statutory rights so they will have an adequate opportunity to understand and invoke those rights. *See In re B.C.*, 592 S.W.3d at 137.

[7] The Department concedes in its brief to the Court that Mother was not properly admonished of her rights to counsel during this case.

[8] Due to our resolution of this case, we need not address Mother's remaining issues on appeal. *See* Tex. R. App. P. 47.1.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on February 9, 2021
Opinion Delivered February 11, 2021

Before Golemon, C.J., Kreger, and Horton, JJ.